ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

THOMAS R. GREEN (CABN 203480)
Assistant United States Attorney

   1301 Clay Street, Suite 340S
   Oakland, CA 94612
   Telephone: (510) 637-3695
   Fax: (510) 637-3724
   E-Mail: Thomas.Green@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR-21-00174 JSW; CR-23-0363 JSW |
| Plaintiff, | **UNITED STATES' SENTENCING MEMORANDUM** |
| v. | |
| RAMELL JERMAINE JENKINS,<br>  a/k/a Raymond Jenkins,<br>  a/k/a Darnell Tommy Foster, | Sentencing Date:  February 20, 2024<br>Time:  1:00 p.m.<br>Judge:  Hon. Jeffrey S. White |
| Defendant. | |

## I. INTRODUCTION

The defendant, Ramell Jermaine Jenkins, stands before the Court to be sentenced following pleading guilty to the single count Information, charging him with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). The charge in this case emanates from defendant possessing a loaded firearm while being an occupant in a vehicle that was fleeing the San Francisco police. Defendant pled guilty to possessing the firearm and ammunition charged in new criminal case no. 23-0363 JSW, conduct which also violates the terms of his supervised release in case no. 21-0174 JSW. For the reasons described in this memorandum, the United States recommends that

the Court sentence defendant to a total sentence of 48 months, which equates to a low-end Guidelines custodial sentence of 30 months and a three year term of supervised release to follow incarceration in Case No. 23-0363 JSW, and a consecutive low-end Guidelines sentence of eighteen (18) months in Case No. 21-0174 JSW.  The Court should also order forfeiture of the firearm and ammunition involved in the offense, and a mandatory special assessment of $100.

II.     **FACTUAL AND PROCEDURAL BACKGROUND**

On May 22, 2023, defendant was arrested by San Francisco Police officers following a high speed chase in the Bayview District of San Francisco with officers pursuing a Jeep identified as being involved in a recent armed robbery in Concord.[1]  The Jeep being chased had four occupants, with Jenkins identified both by officer observation and a surveillance recording as being the individual who occupied the left rear passenger seat of the Jeep, seated directly behind the driver.  The Jeep sped at speeds well in excess of the speed limit as it was being pursued and drove in the lanes of oncoming traffic to attempt to evade the pursuing officers.  Officers made a decision to halt the chase due to the dangerous speed and reckless driving of the Jeep, and briefly lost sight of the vehicle.  Moments later officers found the Jeep only a few blocks away, with all four occupants fleeing on foot from the vehicle.  Two of the fleeing occupants were caught, including Jenkins.  Officers Pusung and Noh pursued Jenkins on foot and caught him after Jenkins reached a Texaco gas station at 3800 3rd Street.

Four firearms were recovered from the scene, two from a bag that had been abandoned outside the vehicle, and two firearms inside the vehicle, including a Sig Sauer handgun loaded with a single round in the chamber and fourteen rounds in a 15-round magazine that was located near where defendant was seated.  DNA recovered from the loaded Sig Sauer handgun was consistent with defendant's DNA, and defendant admitted possessing the loaded firearm in the plea agreement accepted by the Court.

---

[1] Moments prior to the chase, officers observed license plates in a plastic bag that had apparently been discarded by one of the occupants of the vehicle in a market, the Big Save 3rd at 5001 Market Street.  The plates were identified as being the plates involved with the Concord robbery, and the car being chased resembled the description of the car involved in the robbery, which led the officers to believe that the vehicle used in the robbery had been cold plated to avoid detection.  There is no evidence that Jenkins was involved in the robbery.

U.S. SENTENCING MEMORANDUM
CR 21-0174 JSW; CR 23-0363 JSW

Defendant's admissions in the plea agreement and during the plea colloquy also prove the charges in the Form 12 filed in Case No. 21-0174 JSW.

### III. DEFENDANT'S CRIMINAL HISTORY (PSR ¶¶ 27-51)

At the tender age of 26, defendant's conviction in new case 23-0363 JSW will be defendant's fifth felony conviction, and his fourth firearm conviction, including his prior federal conviction. All of defendant's prior felonies garner three criminal history points, resulting in a total criminal history score of 13 by virtue of a single point being added because defendant was on a term of supervision at the time of the new crime. Defendant is thus criminal history category VI. Sentences ranging from sixteen (16) to forty (40) months were imposed in defendant's prior cases, with the forty (40) month sentence resulting in part from associated gang activity.

For purposes of defendant's supervised release violations, defendant has ten criminal history points and is criminal history category V.

### IV. SENTENCING GUIDELINES CALCULATIONS

The parties and the USPO agree that the following guidelines calculations apply in Case No. 23-0363 JSW:

| | |
|---|---|
| Base Offense Level, U.S.S.G. § 2K2.1(a)(6): (prior crime of violence) | 14 |
| Acceptance of Responsibility, U.S.S.G. 3E1.1(b): | - 2 |
| Total Offense Level: | 12 |

(PSR ¶¶ 17-26). Based on the four felony convictions described above and defendant committing his latest gun crime while serving a term of federal supervision, defendant has thirteen (13) criminal history points, and therefore is criminal history category VI. Thus, the defendant's Guidelines range is 30 to 37 months on the new charge in case no. 23-0363 JSW.

Defendant also faces a consecutive sentence under the Guidelines for violating the terms of his supervised release in case no. 21-0174 JSW. In that case, the parties and probation office agree that defendant is Criminal History Category V and that he faces a maximum sentence of 24 months and a Guidelines sentencing range of eighteen to twenty-four (18-24) months for the B violation conduct he

admits.

In total, defendant faces a Guidelines sentencing range of 48 to 61 months.

## V.     STATUTORY SENTENCING FACTORS

### A.     Nature and Circumstances of the Offense

The nature and circumstances of the offense are straight forward and reflect defendant's unwillingness to move forward with a new life that does not include the danger of possessing firearms and associating with other criminals. In this case, defendant was with a group of men speeding in a reckless fashion away from police in a vehicle associated with a prior robbery. But for the aggregate term of 48 months by virtue of consecutive sentences being imposed, the government could not recommend the low-end Guidelines sentence it recommends in this case. But the government hopes that a sentence of 48 months is both sufficient to address the nature and circumstances of the offense. A four year sentence is necessary to account for defendant proving again and again that lighter sentences have no impact on his conduct.

### B.     History and Characteristics of the Defendant

Defendant's criminal history, detailed above, raises substantial concerns. Defendant now has four firearm related convictions, including two federal convictions in the space of only two years. Defendant's extensive history of violating the terms of his prior term of supervised release also reflect a general unwillingness, or inability, to abide by the law and terms of supervision.

The government also acknowledges that defendant had a difficult upbringing, with instable housing and a father that was seemingly rarely part of his life as a child. Defendant's Adverse Childhood Experiences score of seven reflects the challenges he faced, and a sentence at the low-end of the Guidelines range is designed to reflect some degree of mitigation in this case, while at the same time trying to reflect a substantial criminal history that warrants a sentence designed to persuade defendant to put down the guns and turn to law abiding life for himself and his family.

### C.     Need to Reflect the Seriousness of the Offense and Deterrence of Criminal Conduct.

A sentence of 48 months is required to reflect the seriousness of the offense and deter defendant's future criminal conduct. Defendant's prior sentences and revocations have not curbed his

behavior, including the sentence he received in this Court only two and half years ago. Defendant simply cannot continue to engage in dangerous criminal activity with the wrong persons. A sentence of 48 months, followed by 36 months of supervision, is necessary to reflect the seriousness of the offense and deter future criminal conduct by defendant.

### D.     Need to Protect the Public

The public needs to be protected from persons who arm themselves in public spaces, and then further risk the safety of the public by fleeing from police officers while armed. Though defendant was not himself the driver of the vehicle endangering the public, he was associating with such a person, and did so while armed. A 48-month sentence will help assure the protection of the public while defendant is incarcerated. Such a sentence will represent defendant's longest prison sentence, a sentence his conduct demonstrates is necessary after quickly returning to his prior lifestyle upon his release from his prior federal sentence. A three year term of supervision following defendant's custodial term will also help protect the public. By the time defendant completes both his prison term and his term of supervision, defendant will be approximately 33 years old, and he will hopefully be ready to commit his time and energy to taking care of his family, as he reports a desire to do so.

## VI.    CONCLUSION AND SENTENCING RECOMMENDATION

For the foregoing reasons, the government respectfully requests that the Court sentence defendant to a sentence of thirty (30) months imprisonment, a three-year term of supervised release, no fine, forfeiture of the firearm and ammunition, and a $100 special assessment in Case No. 23-0363 JSW, and a consecutive eighteen (18) month sentence in Case No. 21-0174 JSW.

In light of the defendant's criminal history and the nature of his offense, the government also recommends that the Court impose the following expanded search condition, which defendant agreed to accept in his plea agreement:

> The defendant shall submit his person, residence, office, vehicle, electronic devices and their data (including cell phones, computers, and electronic storage media), and any property under defendant's control to a search. Such a search shall be conducted by a United States Probation Officer or any federal, state, or local law enforcement officer at any time, with or without suspicion. Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.

Given the defendant's criminal history and failure to comply with the conditions of his supervision in the past, including the condition that prohibits him from possessing firearms, the requested conditions are necessary to protect the public and serve the interests of deterrence and rehabilitation.

DATED: February 13, 2024                    Respectfully submitted,

                                            ISMAIL J. RAMSEY
                                            United States Attorney


                                            /s/ Thomas R. Green
                                            THOMAS R. GREEN
                                            Assistant United States Attorney

U.S. SENTENCING MEMORANDUM
CR 21-0174 JSW; CR 23-0363 JSW

6